UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Genana Holly, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-04-1980 |
| | § | |
| Wal-Mart Stores, Inc., | § | |
| | § | |
| Defendant. | § | |

## <u>MEMORANDUM AND ORDER</u>

In this employment discrimination case, Plaintiff Genana Holly raises claims of racial and religious discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* Defendant Wal-Mart Stores, Inc. ("Wal-Mart") now moves for summary judgment. Holly has failed to respond to the motion and did not attend the hearing held on November 2, 2005. After considering the motion, the oral arguments of Wal-Mart's counsel, and the applicable law, the Court finds that the motion, Docket No. 64, should be and hereby is **GRANTED** and that all of Holly's claims should be and hereby are **DISMISSED WITH PREJUDICE**.

## I.    BACKGROUND[1]

Between September 2003 and January 2004, Holly applied at Wal-Mart's Phoenix for an Inventory Clerk position; at its North Houston location for an Office, Customer Service, Overnight Customer Service, or Overnight Stocker position; and at its Texas Distribution Center in New Caney for an Order Filler position. After receiving no response to any of her applications, Holly filed charges of discrimination with the Texas

---

[1] For the purposes of Wal-Mart's motion for summary judgment, the Court construes all contested factual issues in the light most favorable to Holly, the non-movant. *See, e.g., Minter v. Great Am. Ins. Co. of New York*, 423 F.3d 460, 465 (5th Cir. 2005).

Commission on Human Rights ("TCHR") and the Equal Employment Opportunity Commission ("EEOC"), alleging that Wal-Mart's refusal to hire her at the Phoenix location was the result of racial and religious discrimination.  Holly received a right-to-sue letter and subsequently filed this suit.  Wal-Mart now challenges Holly's claims on the grounds that Holly has failed to exhaust her administrative remedies, failed to establish a *prima facie* case of discrimination, and failed to show that Wal-Mart's proffered legitimate, non-discriminatory reasons for failing to hire her are merely pretexts for discrimination.  The Court considers each argument in turn.

## II.    ANALYSIS

### A.    Summary Judgment Standard

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented.  *See* FED. R. CIV. P. 56(c). "Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir.), *cert. denied*, 534 U.S. 892 (2001) (internal quotation marks and citation omitted).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could enter a verdict for the non-moving party." *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). This Court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor.  *Id*.

### B.    Failure to exhaust administrative remedies.

"[A] rule of reason . . . permits the scope of a Title VII suit to extend as far as, but no further than, the scope of the EEOC investigation which could reasonably grow out of the administrative charge." *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir. 1993) (internal quotation marks omitted).   In *Fine*, the plaintiff's EEOC charge alleged discrimination occurring no later than February 1990.  The court held that that charge did not support a Title VII suit alleging the same type of discrimination in October 1990.

In this case, it is undisputed that Holly's TCHR and EEOC charges referred only to Wal-Mart's failure to award her a job at the Phoenix location.   These allegations provide no basis for an EEOC investigation, or a Title VII claim, of discrimination at other locations.   Holly has, therefore, failed to exhaust her administrative remedies with respect to her claims arising from Wal-Mart's failure to hire her at the North Houston location and the Texas Distribution Center.   Accordingly, this Court lacks jurisdiction over those claims.   *See Randel v. United States Dep't of Navy*, 157 F.3d 392, 395 (5th Cir. 1998) (noting that exhaustion of administrative remedies is a jurisdictional requirement of Title VII claims).

### C.    Failure to establish a *prima facie* case.

Wal-Mart also argues that, even if Holly had exhausted her administrative remedies with regard to all of her claims, she has failed to state a *prima* facie case for any of those claims.   To establish a *prima facie* case of discrimination arising from the failure to hire, a plaintiff must show:

> (i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his

> rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.

*Wright v. Western Elec. Co.*, 664 F.2d 959, 962 (5th Cir. 1981) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)).

> Although the *McDonnell Douglas* formula does not require direct proof of discrimination, it does demand that the alleged discriminatee demonstrate at least that his rejection did not result from the two most common legitimate reasons on which an employer might rely to reject a job applicant: an absolute or relative lack of qualifications or the absence of a vacancy in the job sought.

*Int'l Brotherhood of Teamsters v. United States*, 431 U.S. 324, 358 n.44 (1977).   To satisfy this burden and defeat summary judgment, a plaintiff must "prove *by a preponderance of the evidence* that she applied for an available position for which she was qualified, but was rejected under circumstances which give rise to an inference of unlawful discrimination."   *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981) (emphasis added).

As the Fifth Circuit has noted, "unsubstantiated assertions are not competent summary judgment evidence."   *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). "Summary judgment . . . may be appropriate, even in cases where elusive concepts such as motive or intent are at issue, . . . if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation."   *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1449 (5th Cir. 1993) (internal quotation marks and citation omitted).   *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986) ("Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial.").

Holly has provided no evidence to support the second or fourth element of a *prima facie* case for any of her claims. With regard to the claim concerning the North Houston location, Holly has not pointed to facts in the record demonstrating that Wal-Mart sought applicants for the relevant positions during the relevant period,[2] while Wal-Mart has provided affirmative evidence that it did *not* seek or hire applicants for those positions during that period. (*See* Def.'s Mot. for Summ. J., Ex. D (affidavit of Pamela Escobar), at 1.) Similarly, Holly has failed to provide any evidence that she was among the best qualified applicants for the Order Filler position at the Texas Distribution Center, while Wal-Mart has produced evidence of specific deficiencies in Holly's qualifications. (*Id.*, Ex. E (affidavit of George Pappas), at 1.) Finally, Holly has presented no evidence that she applied, or that Wal-Mart hired anyone, for the Inventory Clerk position at the Phoenix location while her application was active. She therefore cannot "prove *by a preponderance of the evidence* that she applied for an available position for which she was qualified, but was rejected under circumstances which give rise to an inference of unlawful discrimination," *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981) (emphasis added). Accordingly, because Holly has failed to establish a *prima facie* case for any of her claims, each of those claims must be dismissed.

**D.      Failure to demonstrate pretext.**

Even if Holly had both exhausted her administrative remedies and established a *prima facie* case for each of her claims, she would also be required to rebut Wal-Mart's legitimate, non-discriminatory reason for failing to hire her at the Texas Distribution Center. *See Harrington v. Harris*, 118 F.3d 359, 367-68 (5th Cir. 1997) (citing

---

[2] A Wal-Mart application expires sixty days after it is filed. An applicant wishing to remain under consideration thereafter must file a new application. (*See* Def.'s Mot. for Summ. J., Ex. D-1, at 2.)

*McDonnell Douglas*, 411 U.S. at 803-05).   As noted above, Wal-Mart has provided evidence supporting its assertion that it did not hire Holly because she was not well-qualified for the Order Filler job.   (*See* Def.'s Mot. for Summ. J., Ex. E (affidavit of George Pappas), at 1 (noting Holly's lack of relevant experience and "incomplete and rather sordid employment history")).   Holly's subjective belief that she was qualified is insufficient to counter Wal-Mart's legitimate, non-discriminatory reason for declining to hire her.   *See Reno v. Metro. Transit Auth.*, 977 F. Supp. 812, 823 (S.D. Tex. 1997) ("An employee's 'own self-serving remarks standing alone are insufficient to raise doubt as to the credence of the employer's explanation for [an adverse employment action].'") (quoting *Schultz v. Gen. Elec. Capital Corp.*, 37 F.3d 329, 334 (7th Cir. 1994) (internal quotation marks omitted)).   Therefore, because Holly has failed to satisfy her rebuttal burden under *McDonnell Douglas*, the Texas Distribution Center claim must be dismissed.

**CONCLUSION**

Wal-Mart is entitled to summary judgment on Holly's claim concerning the North Houston location because Holly has failed to exhaust her administrative remedies and failed to state a *prima facie* case of discrimination under Title VII.   Wal-Mart is entitled to summary judgment on Holly's Texas Distribution Center claim for failure to exhaust, failure to state a *prima facie* case, and failure to rebut Wal-Mart's legitimate, non-discriminatory reason for failing to hire her.   Finally, Wal-Mart is entitled to summary judgment on Holly's Phoenix claim on the ground of failure to state a *prima facie* case. All of Holly's claims are, therefore, **DISMISSED WITH PREJUDICE**, and **JUDGMENT IS ENTERED** for Wal-Mart.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 8th day of November, 2005.


_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE


**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**